UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARELIOUS REED,

    Plaintiff,

v.                                              Case No. 20-11523
                                                 Hon. Denise Page Hood

CORRECT CARE SOLUTIONS,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS [#7] and
DENYING PLAINTIFF'S MOTION TO STRIKE [#8]**

**I.     INTRODUCTION**

On June 5, 2020, *pro se* Plaintiff filed this action against Defendant. On July 10, 2020, rather than file an Answer, Defendant filed a Motion to Dismiss [ECF No. 7], as permitted under Federal Rule of Civil Procedure 12(b). On July 18, 2020, Plaintiff filed a "Motion to Strike" the Motion to Dismiss. The substance of the Motion to Strike, however, reads like a response to the Motion to Dismiss, and the Court will consider it as one. Defendant has filed a reply brief. The Court held a hearing on the Motion to Dismiss. For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

## II.   BACKGROUND

Plaintiff was incarcerated in the Wayne County Jail from May 4, 2017 to May 8, 2017 and from May 26, 2017 to August 8, 2017.  Plaintiff alleges that, when he arrived at the jail, he "was seen by a nurse that was employed by the Defendant Correct Care Solutions[.]" ECF No. 1, Page ID 10.  He alleges that he explained to the nurse that he had been injured in a car wreck two years earlier and "was receiving professional treatment with his Michigan license[d] medical physicians, . . . and all the medication he was currently taking. *Id.*  Plaintiff alleges that, even after that explanation, the nurse "refuse[d] to treat him with any type of medications (discrimination on ADA),which led him to "suffer major medications withdrawals [during] his three (3) months" in the Wayne County Jail. *Id.*  To date, the nurse has not been identified.

Plaintiff's Complaint alleges that Defendant discriminated against him, in violation of the following laws or statutes:

> [1.] Title II of the American with Disabilities Act: [2.] Civil Monetary Penalties Inflation Adjustment Under Title III of the American with Disabilities Act of 1990 (ADA): [3.] American with Disabilities and Rehabilitation Act (Prisoners): [4.] Under the 14th Amendment under Section 1, Civil Rights and Equal Protection: [5.] 42 U.S.C. §1213[2]: [6.] 42 U.S.C. §12132; 42 U.S.C. §12102 – Definition of Disability: [7.] 29 U.S.C. §794 Nondiscrimination under Federal Grants and Programs: [8.] Title VI[I] of Civil Rights Act of 1964, 42 U.S.C. §2000d [9] Prohibition Against Exclusion from Participation in Denial of and

> Discrimination under Federally Assisted Programs on Ground of Race, Color, or National Origin.

ECF No. 1, PageID 9, 11-12.  In his Complaint, Plaintiff also describes the basis of his federal question cause of action as "Discrimination under Title II of the American with Disabilities Act, 42 U.S.C. §1213[sic], 42 U.S.C. § 12102, 42 U.S.C. §12132, 29 U.S.C. §794, 42 U.S.C. § 2000[d]." ECF No. 1, PageID 4.

### III.   APPLICABLE LAW & ANALYSIS

#### A.   Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff.  *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful.  *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.    Statute of Limitations**

Defendant argues that all of Plaintiff's claims are barred by a three-year statute of limitations because the underlying event (denial of medication) happened on May 4, 2017, more than three years prior to the filing date of June 5, 2020. Plaintiff counters that: (1) a four-year statute of limitations applies to his claims; and (2) if applicable, the three-year statute of limitations should be tolled, such that his claims are not time barred.

   1.    *Four-year Statute of Limitations*

28 U.S.C. § 1658(a) provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [enacted Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues." "[T]he catchall limitations period applies only to causes of action that *were not available* until after § 1658 was enacted."*Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (emphasis in original).

The Court finds that all of Plaintiff's claims are based upon causes of action that existed prior to December 1, 1990:

   (1)    Title II of the American with Disabilities Act (enacted July 26, 1990);

    (2)    American with Disabilities and Rehabilitation Act (Prisoners) (enacted July 26, 1990 and 1973, respectively);

    (3)    14th Amendment under Section 1, Civil Rights and Equal Protection (adopted 1868):

    (4)    42 U.S.C. § 12132 and 42 U.S.C. §12102 (both enacted July 26, 1990);

    (5)    29 U.S.C. §794 (enacted 1973); and

    (6)    Title VI of Civil Rights Act of 1964, 42 U.S.C. §2000D (enacted 1964).

As all of Plaintiff's causes of action were available prior to the enactment of 28 U.S.C. § 1658, the four-year statute of limitations period advocated by Plaintiff will not govern or apply to any of his claims.

    2.    *Three-year Statute of Limitations*

Defendant asserts that all of Plaintiff's claims are governed by a three-year statute of limitations. Defendant maintains that the statute of limitations period expired on May 4, 2020, three years after Plaintiff was first incarcerated at the Wayne County Jail. Plaintiff does not dispute that the statute of limitations period is three years on all of his claims, nor does he dispute that May 4, 2017 was the date the statute of limitations period commenced. Plaintiff's response primarily concentrates on the proposition that the three-year statute of limitations was tolled until August 8, 2017 (when he was released from Wayne County Jail the second time).

Defendant argues that M.C.L. § 500.5851, the provision upon which Defendant presumes Plaintiff relies for his tolling arguments,[1] does not operate to extend the three-year statute of limitations period on Plaintiff's claims. Section 5851 provides that, if a person was imprisoned on or prior to October 1, 1993 and "had a cause of action to which the disability of imprisonment would have been applicable under the former provisions of this section on the date of his…release from imprisonment…an action may be brought under this act for that cause of action within 1 year after the date of his…release from imprisonment…" M.C.L. § 600.5851(9), (10).

The Court finds that the three-year state of limitations applies for the following reasons. First, there are no allegations that Plaintiff was imprisoned in relation to this case on or before October 1, 1993. Second, as a court recently held, "Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated." *Williams v. Mich. Dept. of Corr.*, 2016 U.S. Dist. LEXIS 153005, at *15 (W.D. Mich. Nov 4, 2016). Third, a prisoner could only avail himself of an extra year if the statute of limitations expired <u>while</u> he was incarcerated. *McCune v. Grand Rapids*, 842 F.2d 903, 907 (1988). Plaintiff was released on August 8, 2017, so he was not incarcerated at the time the statute of limitations ran. Finally, Section 5851

---

[1] Plaintiff cited M.C.L. § 600.5856(1) and (2) in his response, but the provisions of that section address situations that are not applicable in this case.

would operate to extend the statute of limitations period only if it would expire in less than one year after the plaintiff was released. *See Jones v Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990) ("the plaintiff's release more than one year before the filing of his suit meant that the [former] statute could not apply to him in any event." It is undisputed that Plaintiff was released more than two-and-one-half years before he filed this cause of action.

For the reasons set forth above, the Court finds that the applicable three-year statute of limitations periods bar Plaintiff's claims. Defendant's Motion to Dismiss Plaintiff's complaint should be granted.

**C.     Medical Treatment Decisions**

The Court also finds that the law is well-settled that claims made under the ADA, the Rehabilitation Act, or the other discrimination-based statutes generally cannot be based on medical treatment decisions concerning the alleged medical needs of allegedly disabled prisoners. *See Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (holding that a Rehabilitation Act and/or an ADA claim cannot be based on medical treatment decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under RA and ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (concluding that the ADA would not be

violated by a prison's failure to address the medical needs of its disabled prisoners and that the statute "does not create a remedy for medical malpractice"); *Kensu v. Rapelje*, 2015 U.S. Dist. LEXIS 120423, at *9-10 (E.D. Mich. Sept. 10, 2015) (ADA does not provide relief for alleged incompetent treatment); *Stevenson v. Pramstaller*, No. 07-14040, 2008 U.S. Dist. LEXIS 106448, recommendation adopted, No. 07-14040, 2009 U.S. Dist. LEXIS 25495, 2009 WL 804748 (E.D. Mich. Mar. 24, 2009) (granting defendants' motion for summary judgment on ADA claim because state prisoner alleging incompetent medical treatment is not complaining of being excluded from a prison service, program or activity, or of discrimination based on his disability); *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (granting motion to dismiss because claims that prisoner with diabetes was denied medical treatment - a proper diet - is not the type of claim that the ADA and the Rehabilitation Act were intended to cover). For this reason, Plaintiff's Complaint also fails to state a proper claim and should be dismissed on this basis.

### D.   Inapplicability of Acts; Inability to Satisfy Criteria

Plaintiff has not alleged that Defendant or the unidentified nurse is a public entity under the ADA, nor has he alleged that either has the ability to determine who can participate in a federal program under the Rehabilitation Act or civil rights acts. Defendant argues that, absent such allegations, Plaintiff's claims are not sustainable

and dismissal with prejudice is warranted for those claims. As to the ADA and the Rehabilitation Act, the Complaint does not include any allegations that Plaintiff is disabled; it only indicates that he was taking medication as the result of a motor vehicle accident. Plaintiff also has failed to allege that Defendant was motivated to discriminate against him solely because of an alleged disability. *Sandison v. MHSAA*, 64 F.3d 1026, 1030-31 (6th Cir. 1995).

### E. *Monell* Liability

Even if Plaintiff's claims are not time-barred, the claims are barred because Plaintiff has not alleged that Defendant discriminated or engaged in wrongful conduct, nor has Plaintiff identified any custom, practice, or policy of Defendant that caused his injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 (1978); *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993) (quotation and citation omitted) ("a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'"); *Street v. Corrections Corp. Of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996); *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (6th Cir. 1983). Plaintiff has only alleged that an unidentified nurse discriminated against him when the nurse did not provide him with "all the medication he was [then] taking," ECF No. 1, PgID 10, and those

9

allegations do not adequately state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Defendant's Motion to Dismiss [ECF No. 7] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike [ECF No. 8] is DENIED.

IT IS FURTHER ORDER that Plaintiff's cause of action is DISMISSED.

Dated: April 28, 2023         s/ Denise Page Hood
                              DENISE PAGE HOOD
                              UNITED STATES DISTRICT JUDGE